IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| SHAWN DAVID HAMBEL | : | BANKRUPTCY NO.: 5-17-bk-00952-JJT |
| DEBTOR | : | |
| UNITED STATES OF AMERICA | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss (Doc. #5)} |
| PLAINTIFF | : | |
| vs. | : | |
| SHAWN DAVID HAMBEL | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-17-ap-00111-JJT** |

# OPINION[1]

The Plaintiff, United States of America, initiated this adversary proceeding by filing a Complaint to Determine the Nondischargeability of a certain debt under 11 U.S.C. § 523(a)(2). This Complaint was met by a Motion to Dismiss under Bankruptcy Rule 7012(b)(6) for failure of the Complaint to state a case as a matter of law.

In considering a motion to dismiss, the Rule is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 at 1969 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S.Ct. at 1965.

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[K:\Cathy\Opinions-Orders filed 2017\5-17-ap-00111-JJT_Hambel pdf]

In this regard, the Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d at 233 *citing Twombly*, 127 S.Ct. at 1969 n.8 and *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

The Defendant did not challenge the specific allegations of the Complaint but, rather, focused its argument on the date on the which the Complaint was filed, pointing out that the Complaint was filed on July 7, 2017, whereas the objection deadline to file a dischargeability complaint ran on July 5, 2017. Defendant also alleges that there was not a request by the Plaintiff to enlarge the appropriate deadlines to file a complaint under both Bankruptcy Rules 4007(c) and 9006.

In response to the Motion to Dismiss, the Plaintiff argues that it did not have adequate time to file a Complaint to meet the filing deadline because of insufficiency of service of the bankruptcy petition. While the response acknowledges that the Social Security Administration did receive notice of the creditors' meeting and the July 5, 2017 deadline in which to file a dischargeability complaint, the United States Attorney for the Middle District of Pennsylvania, nonetheless, was not served with the bankruptcy petition as required under Federal Rule of Bankruptcy Procedure 2002(j)(4). Clearly there came a time when the United States Attorney became aware of the bankruptcy case as evidenced by the filing of this Complaint. Left for speculation is a determination as to what date the United States Attorney became aware of the bankruptcy and the filing deadline. Notably, the Defendant has not filed a reply to the brief in opposition to the Motion to Dismiss as permitted by the Local Bankruptcy Rules addressing the

argument raised by the Plaintiff concerning the defective service on the Plaintiff.

The pleadings present, at a minimum, a factual dispute concerning whether there was proper service and adequate notice to the Plaintiff of the deadline to object to the dischargeability of the debt. This, coupled with the fact that the Motion to Dismiss does not challenge any of the factual allegations of the Complaint, leads this Court to determine that the Complaint survives the underlying Motion to Dismiss.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMP)

Date: December 13, 2017